**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50185 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00539-SJO-1 |
| v. | |
| VICTOR IGBOANUGO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 6, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Victor Igboanugo was indicted on charges of mail and wire fraud involving a "secret shopper" scheme and a separate "lottery scheme." He pled guilty to three counts involving only the "secret shopper" scheme; the other counts were dismissed. At sentencing, the district court rejected all of Igboanugo's objections to the Sentencing Guidelines calculations. He now

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeals (1) the loss calculation;[1] (2) the Government's withholding of a motion for an additional 1-level offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b); and (3) the application of the vulnerable victim enhancement.

On the present record, the district court clearly erred in adopting the Presentence Report's ("PSR") loss calculation. As the Government concedes, the loss calculation includes losses attributable to the lottery scheme as well the secret shopper scheme—despite the fact that Igboanugo never admitted to taking part in the lottery scheme, the charges for which were dropped. Although a district court may consider uncharged conduct as "relevant conduct" for purposes of loss calculation, *see United States v. May*, 706 F.3d 1209, 1212-13 (9th Cir. 2013) (citing U.S.S.G. § 1B1.3), there is no indication in the record that the district court found that Igboanugo had participated in the lottery scheme. Indeed, when defense counsel objected at the sentencing hearing to the PSR's inclusion of the lottery scheme as part of Igboanugo's conduct, the district court agreed that

---

[1] Igboanugo also argues that the district court erred in determining the number of victims involved. Because he makes the same arguments with respect to the loss calculation as he does for the victim count, our discussion of the former issue applies equally to the latter.

Igboanugo was only admitting to the secret shopper scheme. We thus remand for the district court to determine whether Igboanugo's "relevant conduct" may properly include the lottery scheme, and to calculate losses accordingly.[2]

The district court also erred in allowing the Government to withhold a U.S.S.G. § 3E1.1(b)[3] reduction in response to Igboanugo's refusal to agree to sentencing factors. Effective November 1, 2013, § 3E1.1 was amended to clarify that "[t]he government should not withhold [a motion for reduction for acceptance of responsibility] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. § 3E1.1 cmt. n. 6. In explaining the rationale behind this amendment, the Sentencing Commission noted its agreement with court of appeals decisions that had restricted denial of the reduction to situations in which a defendant's refusal to accept responsibility had

_____

[2] We reject Igboanugo's further argument that the losses were inaccurate because they were not individually verified. Igboanugo cites no authority requiring that each victim be contacted to verify the reported loss, and the Guidelines themselves only require a "reasonable estimate of the loss . . . based on available information." U.S.S.G. § 2B1.1 application n.3(C). We leave it to the district court on remand to address Igboanugo's additional contention that the loss calculation includes losses incurred prior to his participation in the scheme, to the extent the district court finds that argument to have been adequately preserved.

[3] The parties agree that the district court correctly granted a 2-level reduction under Subsection 3E1.1(a) in light of Igboanugo's guilty plea.

caused the government to prepare for trial, rather than to prepare for an appeal or for contested sentencing proceedings. *See* U.S.S.G. Supp. App. C, amend. 775 (effective Nov. 1, 2013) ("Amendment") (citing *United States v. Divens*, 650 F.3d 343, 348 (4th Cir. 2011) (holding that § 3E1.1(b) was concerned only with the "efficient allocation of *trial* resources, not *appellate* resources") and *United States v. Lee*, 653 F.3d 170, 173-74 (2d Cir. 2011) (holding that the government cannot withhold a § 3E1.1(b) motion on grounds that it was required to prepare for a contested sentencing hearing)).[4]

Here, the Government explicitly stated at the sentencing hearing that it was justified in refusing to move for a § 3E1.1(b) reduction due to Igboanugo's refusal to agree to sentencing factors, and the district court apparently agreed. This was erroneous in light of the Guideline Amendment and its associated commentary.[5] To the extent the Government has alternative rationales for withholding a motion

---

[4] Although the Sentencing Commission did not explicitly state that it was agreeing with *Lee*, as it did with *Divens*, its emphasis that *Lee* merely applied *Divens*'s reasoning, and the Commission's inclusion of *Lee* in the list of cases on the side of the circuit split with which it ultimately agreed, reasonably leads to the conclusion that the Commission endorsed *Lee* as well as *Divens*. *See* Amendment.

[5] Contrary to the Government's contention, this error was not harmless. There is no indication that the same sentence would have been given had the § 3E1.1(b) reduction been granted.

for this reduction, it may raise those arguments before the district court on remand.

Finally, the district court did not err in applying the vulnerable victim enhancement to Igboanugo's sentence. This court has held that victims of a "reloading" scheme—that is, victims who are sought out after having already fallen for a fraudulent scheme—"are vulnerable for purposes of enhancing a convicted person's sentence." *United States v. Ciccone*, 219 F.3d 1078, 1086 (9th Cir. 2000) (citing *United States v. Randall*, 162 F.3d 557, 560 (9th Cir. 1998)). It is undisputed that Igboanugo admitted to "re-solicit[ing]" certain victims to send additional money after those victims had already fallen for the scheme. Igboanugo's contention that the vulnerable victim enhancement nevertheless should not apply because he did not *intentionally* reload any victims fails. As the Guidelines plainly state, the enhancement applies where the defendant "knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1); *see also Randall*, 162 F.3d at 560 n.2 ("[T]he Ninth Circuit does not read § 3A1.1(b) to require the defendant to 'target' an unusually vulnerable victim . . . . All that is required is that the defendant 'knew or should have known' that the victim was unusually vulnerable." (quoting *United States v. O'Brien*, 50 F.3d 751, 756 (9th Cir. 1995)). Igboanugo's admission that he

5

"would re-solicit" in order to "induce [the victim] to send additional money,"

reasonably indicates that he at least "knew or should have known" that these

victims were unusually vulnerable.

The sentence is **VACATED** and the case **REMANDED** for resentencing in

accordance with this memorandum.[6]

---

[6] Because the Government has cured the error complained of in Igboanugo's July 1, 2016 motion to strike, that motion is denied as moot.