NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50367 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00539-SJO-1 |
| v. | |
| VICTOR IGBOANUGO, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before: MOTZ,** M. SMITH and NGUYEN, Circuit Judges.

Victor Igboanugo appeals, for the second time, his sentence for wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Diana J. Motz, Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

1. The district court correctly applied the preponderance of the evidence standard when finding the lottery scheme to be relevant conduct under U.S.S.G. § 1B1.3(a)(2). Igboanugo pled guilty to perpetrating the secret shopper scheme, and losses from that scheme alone led to a 12-level enhancement. Consideration of the lottery scheme losses increased Igboanugo's offense level by only two additional levels, which was not an extremely disproportionate impact that would have required use of a heightened standard of proof. *See United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008). Igboanugo argues that the district court should have used the clear and convincing evidence standard for its findings related to both schemes. But the preponderance of the evidence standard is appropriate for loss findings stemming from the offense of conviction. *See United States v. Hymas*, 780 F.3d 1285, 1290 (9th Cir. 2015). Moreover, Igboanugo lost his arguments related to the loss calculations from the secret shopper scheme in his first appeal, and did not present new arguments on this issue following remand to the district court. *See United States v. Igboanugo*, 655 Fed. App'x 578, 579 (9th Cir. 2016).

2. Reviewing for clear error, *see United States v. Daychild*, 357 F.3d 1082, 1103 (9th Cir. 2004), we conclude that the district court's relevant conduct finding was supported by a preponderance of the evidence. Igboanugo admitted to perpetrating a secret shopper scheme with other co-schemers between January

2

2007 and November 2009. His co-schemers admitted to running a very similar lottery scheme, targeting many of the same victims, during the same time period and out of a shared office in the home where Igboanugo lived. Igboanugo was in close contact with both co-schemers, and investigators found evidence connected to both the lottery and secret shopper schemes in the home office. In light of this evidence, the district court did not clearly err in finding that Igboanugo was also involved in the lottery scheme, and that the lottery and secret shopper schemes were either a common "plan" or "part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, cmts. 5(B)(i)-(ii).

3. The district court properly included the lottery scheme losses in its restitution order. *See* 18 U.S.C. § 3663A(a)(2). The lottery scheme was related conduct to the secret shopper scheme because the two "were accomplished by [the same] means, had [the same] victims, and took place primarily in [the same]" location. *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1277 (9th Cir. 2015).

4. We grant Igboanugo's unopposed motion for judicial notice of related court records, and deny his second motion for judicial notice of related court records.

**AFFIRMED.**

3