# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3151/04-3422

_____

United States of America,        \*

                       \*

     Appellee/Cross-Appellant,    \*

                       \*     Appeal from the United States

 v.                    \*     District Court for the

                       \*     Western District of Missouri.

Vaughn Wattree,          \*

                       \*

     Appellant/Cross-Appellee.    \*

_____

Submitted:  October 11, 2005
Filed:  December 15, 2005

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Vaughn Ricco Wattree pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), and 846, and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  After trial, he was convicted of the remaining count of carrying a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The district court imposed concurrent 60-month sentences for the drug counts and a consecutive 60-month sentence for the firearm conviction. Wattree appeals, requesting a new trial due to improper venue. The government cross-appeals, challenging a three-level acceptance-of-responsibility reduction in the sentence.

Jurisdiction being proper under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands for resentencing.

**I.**

In 2003, Wilberforce Cousins was distributing cocaine in Springfield, Missouri. After his arrest, Cousins informed federal officers that he purchased most of his cocaine from Vaughn Wattree in Kansas City, Missouri. He agreed to purchase one kilogram of cocaine from Wattree in Kansas City as part of a controlled buy. When Wattree arrived to deliver the cocaine at the buy, the officers arrested him. Incident to the arrest, they discovered a pistol in the waistband of his pants and one kilogram of cocaine in the trunk of his car.

Before trial, the district court denied Wattree's motion to change venue from Springfield to Kansas City -- both within the Western District of Missouri. After pleading guilty to the drug offenses, he made a second motion to change venue to Kansas City, which was promptly denied. Shortly after jury selection on the first day of trial on the firearm charge, Wattree orally made a third motion to change venue to Kansas City, which was again denied.

**II.**

Wattree appeals only the denial of the third motion, reasserting that Kansas City was the most appropriate forum, because he resides there, and the firearm offense was committed there.

The Sixth Amendment requires that a trial be held in the state and district where the crime was committed. A defendant does not, however, have a right to be tried in a particular division of the district. *United States v. Davis*, 785 F.2d 610, 616 (8th Cir. 1986); **Fed. R. Crim. P. 18 & 21(b)**. A district court has broad discretion in determining where within a district the trial is held. *Davis*, 785 F.2d at 616. To

overturn the court's decision, the defendant must prove abuse of discretion or prejudice. *Id.*

Wattree does not meet this burden. He did not make his third motion for a change of venue until the morning of trial, just after the jury was selected and before the government began its opening statement. The defendant, witnesses, judge, and attorneys were all present in Springfield then. It was not an abuse of discretion to deny the motion to move the trial to Kansas City. Moreover, the record has no indicia of prejudice to Wattree from having the trial in Springfield. Accordingly, his conviction is affirmed.

## III.

The government cross-appeals, challenging the district court's three-level acceptance-of-responsibility reduction in calculating Wattree's sentences for the drug offenses. The pre-sentence report grouped the two drug offenses to which Wattree pled guilty, calculated a combined base offense level of 28, and recommended a guideline range of 78 to 97 months for each of the drug offenses to run concurrently. Over the government's objection, the district court granted a two-level acceptance-of-responsibility reduction as a result of his guilty pleas. The court then ordered the government to file a motion authorizing an additional (third-level) reduction. *See* **U.S.S.G. § 3E1.1(b)**. The government contested the court's authority to order the additional reduction, but obeyed the order to file the motion. After the three-level acceptance-of-responsibility reduction, Wattree's base offense level for the grouped drug offenses was 25 and his guideline range was 57 to 71 months for each count. The district court imposed concurrent 60-month sentences to run consecutively with the 60-month statutory sentence imposed for the firearm offense. On appeal, the government contends that Wattree was not entitled to any reduction for acceptance of responsibility.

# A.

As for the two-level acceptance-of-responsibility reduction, the government advocates an "all or nothing" approach where a defendant may receive a reduction for acceptance of responsibility only by pleading guilty to all offenses of which the defendant is convicted. This court reviews the district court's interpretation of the sentencing guidelines de novo. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

The government's argument is too general, as demonstrated by the governing provisions of the sentencing guidelines. *See* **U.S.S.G. § 3D1.1(a)(1)**. In multiple-count indictments, district courts must group counts of closely- related conduct before determining the defendant's base offense level for the grouped counts. *Id.* **§ 3D1.1**. Specifically excluded from grouping are charges for which a statute specifies a minimum term of imprisonment to run consecutively with any guidelines sentence. *Id.* **§ 3D1.1(b) & cmt. 1**. Acceptance of responsibility is considered only after the base offense level is determined for the grouped offenses. *Id.* **§ 1B1.1(e)**. As a matter of law, the guidelines do not mandate an "all or nothing" approach.

The cases cited by the government follow the sentencing guidelines, and thus do not support its over-generalization. *See United States v. Thomas*, 242 F.3d 1028, 1033-34 (11th Cir. 2001) (denying acceptance-of-responsibility reduction where defendant contested guilt on one of three charges subject to grouping under the sentencing guidelines, but concluding with an "all or nothing" discussion); *United States v. Chambers*, 195 F.3d 274, 278-79 (6th Cir. 1999) (denying acceptance-of-responsibility reduction where defendant contested guilt on all offenses grouped for sentencing under the guidelines, pleading guilty to only one offense with a consecutive mandatory-minimum term); *United States v. Ginn*, 87 F.3d 367, 370-71 (9th Cir. 1996) (denying acceptance-of-responsibility reduction where defendant pleaded guilty to one of two bank robberies later grouped to create a combined offense

level under the guidelines); ***United States v. Kleinebreil***, 966 F.2d 945, 952-53 (5th Cir. 1992) (denying acceptance-of-responsibility reduction where defendant did not plead guilty to all offenses combined for sentencing under the guidelines); ***United States v. McDowell***, 888 F.2d 285, 293 (3d Cir. 1989) (denying acceptance-of-responsibility reduction where defendant obstructed justice on one of three counts to which he pled guilty that were grouped for sentencing). In light of the sentencing guidelines, these cases are inapposite to the present case.

The most factually-similar case is *United States v. Williams*, 344 F.3d 365 (3d Cir. 2003), *cert. denied*, 540 U.S. 1167 (2004). There, the defendant pleaded guilty to one count of bank robbery, but contested factual guilt at trial for carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). ***Id.*** at 369. After a conviction on the firearm offense, the district court imposed the statutory minimum of five years in prison to run consecutively with the guideline sentence for the bank robbery. ***Id.*** at 379. *See also* **18 U.S.C. § 924(c)(1)(A)(i)**. In calculating the sentence for bank robbery – which the defendant pled guilty to – the district court granted a two-level reduction for acceptance of responsibility. ***Williams***, 344 F.3d at 380. The Third Circuit affirmed, applying a "totality of the circumstances" test. ***Id.*** at 379. It held that the reduction for acceptance of responsibility was permissible despite the fact that the defendant contested factual guilt on the firearm charge, because the charges were not grouped for sentencing under the guidelines. ***Id.*** at 380-81.

To the extent the Third Circuit adopts a per se rule that grouping overrides all other circumstances, this court does not follow the Third Circuit. Where a defendant pleads guilty to all counts that are grouped for sentencing, contesting guilt only on non-grouped offenses, the guidelines do permit a two-level acceptance-of-responsibility reduction, based on the totality of the circumstances.

**B.**

The issue is whether, based on the totality of the circumstances, Wattree was entitled to the two-level acceptance-of-responsibility reduction as a result of his guilty pleas to the grouped drug offenses. This court reviews the district court's application of the sentencing guidelines de novo. *Mashek*, 406 F.3d at 1017. Because the district court is in a unique position to evaluate the defendant's acceptance of responsibility, its decision to grant or deny the reduction is entitled to great deference on review. *See* **U.S.S.G. § 3E1.1 cmt. 5.**

The extent of the district court's analysis of Wattree's acceptance of responsibility is:

> As to the request for acceptance of responsibility credit, it's my view that in fairness Mr. Wattree is entitled to that three level reduction for acceptance of responsibility. He clearly accepted responsibility for the offenses charged in Count I and in Count VII [the drug offenses]. And so doing, he saved the government, the court system and the taxpayers a substantial investment of time resources and money. And to deny him that credit would be to treat him unfairly and which I will not do.

Fairness and cost-savings may be relevant considerations in the totality of the circumstances. However, other key factors in the sentencing guidelines appear to defeat acceptance of responsibility, on this record. *See* **U.S.S.G. § 3E1.1 cmts. 1 & 2**. While Wattree did plead guilty to the drug offenses, his pleas were untimely, occurring only one week before trial and after the government prepared its case. *See id.* **§ 3E1.1 cmt. 1(h)**.

Most importantly, Wattree refused to plead guilty to the offense of carrying a firearm "in furtherance of a drug-trafficking crime," which would have been relevant conduct to the drug offenses had they not been grouped separately under the

guidelines. *See id.* §§ **1B1.3(a)(2)**; **3E1.1 cmt. 1(a)**. Because Wattree contested factual guilt on this charge, the government was forced to prove at trial that he not only carried a firearm, but that he did so in furtherance of the charged drug offenses. *See* **18 U.S.C. § 924(c)**. In fact, even if acquitted of the firearm charge, Wattree could have received a two-level increase for the drug offenses, unless it was "clearly improbable" that the weapon he possessed was connected to the drug offenses. *See* **U.S.S.G. §§ 2D1.1(b)(1) & 2D1.1 cmt. 3**. *See also **United States v. Edwards***, 225 F.3d 991, 993 (8th Cir. 2000); ***United States v. Friend***, 101 F.3d 557, 558-59 (8th Cir. 1996) ("A defendant who is acquitted of a § 924(c) violation may nonetheless be subject to a two-level upward sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).").

Based on the totality of the circumstances in the record, this court finds that Wattree is not entitled to the two-level acceptance-of-responsibility reduction in his concurrent sentences for the drug offenses.

**IV.**

The government also appeals the order requiring it to file a motion authorizing an additional third-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(b). This challenge to an incorrect application of the sentencing guidelines is reviewed de novo. ***Mashek***, 406 F.3d at 1017.

A defendant may receive an additional third-level reduction for acceptance of responsibility only if the government so moves, stating that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." **U.S.S.G. §§ 3E1.1(b), 3E1.1 cmt. 6**. So long as the government's refusal to file the required motion is not motivated by bad faith or an unconstitutional motive, the district court may not order the government to file the motion. *See **United States v. Moeller***, 383

F.3d 710, 713 (8th Cir. 2004) (holding the government's refusal to file a substantial assistance motion under U.S.S.G. § 5K1 unreviewable unless based on a showing of bad faith or unconstitutional motive). There is no indication of bad faith or unconstitutional motive in the record. The district court had no authority to order the motion for an additional third-level reduction in this case.

## V.

The district court did not calculate the correct guideline range, which is the starting point for sentencing after *Booker*. *See Mashek*, 406 F.3d at 1017; ***United States v. Pepper***, 412 F.3d 995, 997-98 (8th Cir. 2005). The sentences of 60 months are not within the correct guideline range of 78 to 97 months, and thus are not presumptively reasonable. *See **United States v. Lincoln***, 413 F.3d 716, 717 (8th Cir. 2005), *petition for cert. filed* (U.S. Nov. 7, 2005) (No. 05-7506). The government appeals the reasonableness of the sentences. Because Wattree was sentenced before *Booker*, the district court did not have the opportunity to complete all the steps required post-*Booker*, and on this record, abused its discretion. *See Mashek*, 406 F.3d at 1017-18.

Wattree's conviction and sentence for the firearm offense are affirmed, but the sentences for the drug offenses are vacated and the case remanded for resentencing.

_____