

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# USA v. Sanders

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2938

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sanders" (2006). *2006 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2938
_____

UNITED STATES OF AMERICA

vs.

KASAN SANDERS a/k/a Kasan Cox

Kasan Sanders,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00516)
District Judge:  The Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

BEFORE: McKEE, AMBRO, and NYGAARD, Circuit Judges.

(Filed December 18, 2006)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Nicole Bowman called Philadelphia police and reported a domestic disturbance involving her ex-boyfriend "Michael." Philadelphia Police Officer Carlos Nieves and his partner responded and arrived at Bowman's residence at 1319 North 11th Street in North Philadelphia. Bowman told Nieves that Michael, carrying a gun and wearing a jeff cap and all-white clothing, had just walked southbound toward the intersection of 11th Street and Girard Avenue. As Nieves left Bowman's apartment, other police officers arrived and told him they'd just spotted a man fitting Bowman's description on the corner of 11th and Girard.

The man the officers saw was appellant Kasan Sanders. When Nieves arrived at 11th and Girard, he stopped Sanders and conducted a *Terry* frisk. *Terry v. Ohio*, 392 U.S. 1 (1967). Nieves discovered a loaded .38 caliber revolver tucked inside Sanders' waistband and arrested him. A federal grand jury indicted Sanders and charged him with one count of violating 18 U.S.C. §922(g) as a felon in possession of a firearm.

Sanders filed a motion to suppress the revolver and ammunition, contending Nieves lacked reasonable suspicion to frisk him. Subsequently, Sanders and the government reached an agreement pursuant to which Sanders admitted the factual elements of the indictment and agreed to a stipulated trial should his motion to suppress be denied. The government in turn agreed Sanders would be entitled to at least a two point adjustment for acceptance of responsibility upon sentencing.

2

At the suppression hearing, the government presented Officer Nieves to testify. Sanders presented five witnesses and documentary evidence to impeach Nieves' testimony. The district court denied Sanders' motion and admitted the revolver and ammunition into evidence. Sanders waived his right to trial by jury and the court conducted a short, stipulated bench trial that afternoon. Sanders was found guilty as charged.

At sentencing, the parties clashed over whether Sanders deserved a three-point adjustment for his acceptance of responsibility for the crime under U.S. Sentencing Guidelines §3E1.1(b). The government agreed to a two point reduction under §3E1.1(a), but refused to move for a third point under §3E1.1(b). Sanders contended he deserved the third point because he had admitted his guilt from the start of the proceedings. The court reduced Sanders' offense level by two points, but declined to reduce it by a third point because, the court explained, "the Government has not filed a motion permitting me to depart downward the additional point...." The court sentenced Sanders to 63 months in prison, to be reduced to 56 months should the Bureau of Prisons choose not to credit him for time served.

## II.

### A.

On appeal, Sanders contends the government vindictively refused to move for a §3E1.1(b) departure and that the district court erred when it concluded it could not order the departure absent a government motion. §3E1.1 provides:

> a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
> b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level. U.S. SENTENCING GUIDELINES MANUAL §3E1.1(a-b)(2006).

In relevant part, the Commentary to §3E1.1(b) states:

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing. U.S. SENTENCING GUIDELINES MANUAL §3E1.1(b) & cmt. n.6 (2006)(citing the PROTECT Act of 2003 §401(g), Pub. L. No. 108-21, 117 STAT. 671-72).

Despite the government's broad discretion under this provision, district courts have the power to review a prosecutor's refusal to move for a downward departure and to grant a remedy if they find the refusal a) was based on an unconstitutional motive, such as race or religion, or b) lacked a rational relationship to any legitimate government objective. *United States v. Wade*, 504 U.S. 181, 185-186 (1992); *United States v. Abuhouran*, 161 F.3d 206, 212 (3d Cir. 1998). However, in recognition of the government's prerogative, the scope of a district court's review here is "extremely

limited" absent a plea agreement. *United States v. Isaac*, 141 F.3d 477, 481 (3d Cir. 1998).

The government may violate due process if it refuses to move for a departure vindictively. *United States v. Paramo*, 998 F.2d 1212, 1219 (3d Cir. 1993), *cert. denied*, 510 U.S. 1121 (1994). Sanders carries the burden of proving prosecutorial vindictiveness, by adducing evidence of actual vindictiveness or evidence which generates a presumption of vindictiveness. *Paramo*, 998 F.2d at 1220 (internal citations omitted).

Sanders' *Paramo* claim lacks merit entirely. Well before the suppression hearing, the Government maintained it would not move for a §3E1.1(b) departure if Sanders sought suppression. In *Paramo*, we recognized a prosecutor does not violate due process when he threatens serious charges to induce a guilty plea and then carries out that threat after the defendant refuses to cooperate. *Paramo*, 998 F.2d at 1221 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363-65 (1978)). Similarly, the Government's threat to refuse a §3E1.1(b) departure, and its adherence to that threat, are "inevitable and permissible" attributes of a judicial system "which tolerates and encourages the negotiation of pleas." *Id.* (quoting *Bordenkircher*, 434 U.S. at 364).

Sanders allowed the government to avoid voir dire, jury instructions and jury selection, but he forced the government to litigate the essential element of a §922(g)(1) offense – Sanders' possession of a firearm – and his only arguable defense. In doing so, Sanders compelled the government to prepare and examine Officer Nieves and to cross-

5

examine five defense witnesses. As a result, the government essentially tried Sanders at the suppression hearing. *United States v. Rogers*, 129 F.3d 76 (2d Cir. 1997)(per curiam). The government reasonably concluded Sanders did not permit it or the court "to allocate their resources efficiently." U.S. SENTENCING GUIDELINES MANUAL §3E1.1(b) (2006).

B.

Sanders argues his sentence is unreasonable because the district court refused to grant a variance comparable to §3E1.1(b) and failed to adequately explain the rationale behind his sentence.

District judges now must follow a three-step analysis in sentencing criminal defendants. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The district judge must 1) continue to calculate a defendant's Guidelines sentence precisely as he would have before *United States v. Booker*; 2) formally rule on the parties' motions, stating on the record whether he is granting a departure and how that departure affects the Guidelines calculation; and 3) exercise his discretion by considering the relevant §3553(a) factors. *Gunter*, 462 F.3d at 247. At step three, the sentencing record should demonstrate the judge considered the §3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record. *Cooper*, 437 F.3d at 332. However, the judge need not discuss every argument made by a litigant if an argument is clearly without merit. *Cooper*, 437 F.3d at 329.

We conclude the district court followed the proper analysis and that Sanders' sentence is reasonable. The court carefully calculated Sanders' Guidelines sentence and formally ruled on the parties' motions with respect to Guidelines departures. At *Gunter* step three, it acknowledged the Guidelines are advisory, stated the relevant §3553(a) factors and considered the totality of the circumstances. Importantly, the court considered Sanders' personal circumstances when it chose not to impose a fine and reduced Sanders' sentence to credit him for time served because the Bureau of Prisons did not intend to do so. Appendix at 226; *see United States v. Charles*, -- F.3d -- , 2006 WL3231396 (3d Cir. 2006).

Although the district court did not expressly rule on Sanders' request for a variance, we can infer it concluded Sanders' claim lacked merit. Indeed, Sanders provided no evidence to suggest he was entitled to a variance comparable to the §3E1.1(b) departure.

III.

The district court properly calculated Sanders' Guidelines sentence, expressly ruled on the parties' respective departure motions and exercised its discretion prudently. We will affirm Sanders' sentence.