# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2710

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| John Kemp MacInnis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 12, 2010
Filed: June 10, 2010

_____

Before RILEY, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

John Kemp MacInnis appeals the sentence he received after pleading guilty to possession of pseudoephedrine while knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). The district court[1] increased MacInnis's criminal history category from III to IV based upon under-represented criminal history and sentenced MacInnis to 235 months imprisonment, the top of his advisory United States Sentencing

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Guidelines (Guidelines or U.S.S.G.) range. MacInnis appeals, alleging the district court committed procedural error in calculating MacInnis's advisory Guidelines range and imposed a sentence greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We affirm.

## I.     BACKGROUND

In October 2008, a grand jury returned an indictment against MacInnis, charging him with (1) conspiring to manufacture and attempt to manufacture methamphetamine after having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846, and 851; and (2) knowingly and intentionally possessing pseudoephedrine while knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). MacInnis pled guilty to Count 2, and the district court dismissed Count 1 on the government's motion.

A presentence investigation report (PSR) prepared for MacInnis calculated an offense level of 35 and a criminal history category III. The PSR detailed MacInnis's prior criminal history, including eight unscored convictions for battery, operating a vehicle while intoxicated, public intoxication, drunkenness, indecent exposure, violating a restraining order, and domestic abuse assault. MacInnis objected to the PSR's (1) drug quantity calculation and resulting base offense level, (2) recommendation of a two-level enhancement for possession of a dangerous weapon, (3) application of a four-level role enhancement, and (4) characterization of factual allegations associated with MacInnis's prior convictions. The government gave notice it would move for an upward departure based upon under-representation of MacInnis's criminal history pursuant to U.S.S.G. § 4A1.3.

On June 18, 2009, the district court convened a sentencing hearing. Before the hearing, MacInnis withdrew his objections to the PSR regarding the drug quantity and MacInnis's role in the offense. The parties agreed the only issues for the district court

-2-

to consider were MacInnis's objection to a two-level firearm enhancement and the government's motion for an upward departure based on under-representation of criminal history. After listening to the parties, the district court declined to impose the two-level firearm enhancement, increased MacInnis's criminal history category from III to IV, and imposed a sentence of 235 months imprisonment. The district court explained it was sentencing MacInnis at the top of his advisory Guidelines range based, in part, on the district court's finding that MacInnis was responsible for at least 233.04 grams of pseudoephedrine. After the district court imposed the sentence, MacInnis's attorney insisted there were outstanding factual disputes concerning the drug quantity, and MacInnis had not intended to withdraw his objection to the factual allegations underlying that finding. The district court stated, "Then we'll start over with the sentencing, and the government can call its witnesses. . . . [E]verything I've done today is null and void."

The sentencing hearing was continued to July 8, 2009. Eight witnesses testified at the hearing, and the sole issue was the drug quantity attributable to MacInnis. The district court incorporated the record from the June 18, 2009 hearing and reaffirmed its imposition of a leadership role enhancement and its determination that MacInnis had a base offense level of 32 and a criminal history category of IV. The district court further found MacInnis (1) lied during his testimony, (2) had a very high risk of recidivism, and (3) involved his entire family in methamphetamine manufacturing. Based on these findings, the district court again sentenced MacInnis to 235 months imprisonment. MacInnis appeals.

## II.   DISCUSSION

We review the sentence imposed by a district court for an abuse of discretion. See United States v. Lomeli, 596 F.3d 496, 503 (8th Cir. 2010). In so doing, we "giv[e] due deference to the district court's decision." Id. (quoting United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008). We must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or

improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If we determine the district court did not commit procedural error, we then consider the substantive reasonableness of the sentence. See id. As an appellate court, we may "apply a presumption of reasonableness" to a within-Guidelines sentence. Id. (quoting Gall, 552 U.S. at 51 (internal marks omitted)).

## A.    Procedure

MacInnis first contends the district court committed procedural error in increasing his criminal history category from III to IV based on under-represented criminal history. MacInnis claims the district court improperly relied on the contested facts underlying MacInnis's prior convictions and made findings based on "generic characterizations" of the prior convictions rather than an individualized assessment.

Because MacInnis failed to preserve this claim in the district court, we review for plain error. See United States v. Claybourne, 415 F.3d 790, 799 (8th Cir. 2005). First, although MacInnis objected to the PSR's recitation of the factual allegations associated with MacInnis's prior offenses, MacInnis failed to make sufficiently specific objections to put the government on notice of what the government needed to prove at sentencing. See United States v. Davis, 583 F.3d 1081, 1095-96 (8th Cir. 2009) (holding a "vague, blanket objection" to a PSR is not sufficient to put the government on notice); United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008) ("[W]e require that objections to the PSR be made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." (internal marks omitted)). Second, even if MacInnis had made his objection to the factual allegations with sufficient specificity, MacInnis conceded this objection at the June 18, 2009 sentencing hearing when he agreed "the only issue [he wanted] to pursue . . . [wa]s whether the Court should increase [his] advisory

-4-

guideline computation by two levels for possession of a firearm," as well as opposing the government's motion for an upward departure based on under-represented criminal history. Even when MacInnis reinstated his objection to the drug quantity at the end of that first sentencing hearing, he made no objection to the district court's consideration of the prior convictions. At the second sentencing hearing on July 8, 2009, MacInnis again failed to object to the district court's statement that, "The sole remaining issue [wa]s drug quantity."

"Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. If a defendant makes that showing, an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Lomeli, 596 F.3d at 504 (quoting United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008)) (internal marks and quotations omitted).

U.S.S.G. § 4A1.3(a)(1) provides, "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." MacInnis does not contest he has eight unscored prior convictions. In fact, during his allocution, MacInnis told the district court, "I'm sorry I have to be here today. Everything you heard is true. I was a bad person. I did hurt my wife. I did drive drunk. And those are terrible crimes." Thus, MacInnis's suggestion that the district court improperly characterized his prior convictions fails. Given the number and nature of MacInnis's unscored convictions, we find no error, plain or otherwise, in the district court's imposition of an upward departure.

Next, MacInnis claims the district court made clearly erroneous factual findings in deciding to sentence MacInnis at the top of his advisory Guidelines range, including (1) MacInnis's likelihood of recidivism, (2) whether MacInnis involved his family in

-5-

the methamphetamine enterprise, and (3) whether MacInnis made methamphetamine to support himself. Having reviewed the record, we conclude the district court's factual findings were not clearly erroneous.

Finally, MacInnis insists the district court took contrary positions at the two sentencing hearings regarding the importance of the drug quantity in sentencing MacInnis at the top of his advisory Guidelines range. MacInnis claims, at the first sentencing hearing, the district court declared the large quantity of pseudoephedrine played a substantial role in the court's decision to sentence MacInnis at the top of his advisory Guidelines range, but at the second hearing, the district court "backed off" her original statement regarding the importance of the drug quantity. As MacInnis acknowledges, a district court has discretion to weigh the evidence. At the conclusion of the second sentencing hearing, the district court stated, "There's more than enough to justify a sentence at the top of the range, especially with the lies I heard today." We find no error in the district court's consideration of the evidence or explanation for the chosen sentence.

### B. Substantive Reasonableness

Having found no procedural error, we next consider the substantive reasonableness of MacInnis's sentence. MacInnis asserts the district court (1) imposed a sentence greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), (2) failed to give proper weight to certain sentencing factors, and (3) created an unwarranted sentencing disparity between MacInnis and similar defendants. "[G]iv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" MacInnis's sentence, Gall, 552 U.S. at 51, our careful review of the record and MacInnis's sentence reveals no abuse of the district court's considerable sentencing discretion and no basis for concluding MacInnis's within Guidelines sentence is substantively unreasonable.

## III.  CONCLUSION

We affirm MacInnis's sentence and the judgment of the district court.

_____