# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4165

_____

United States of America

*Plaintiff - Appellee*

v.

Bralen Lamar Jordan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 18, 2017
Filed: December 7, 2017

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Bralen L. Jordan pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] denied his request for a third level of reduction for acceptance of responsibility under U.S.S.G.

_____

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

§ 3E1.1(b). Jordan appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2014, Jordan pled guilty to unlawfully possessing a firearm. At sentencing, the district court decreased his offense level by two for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The government declined to move for the third level under § 3E1.1(b). Jordan did not object. The district court sentenced him as an armed career criminal. He appealed. This court reversed the armed career criminal determination and remanded for resentencing. *United States v. Jordan*, 812 F.3d 1183, 1187 (8th Cir. 2016). In a supplemental memorandum, Jordan requested the court decrease his offense by three levels under "U.S.S.G. § 3E1.1(a)." The government responded that "the third point reduction is only made upon motion of the government." It again refused to move for the reduction under § 3E1.1(b). At the resentencing hearing, Jordan requested the reduction. He did not mention, let alone argue, that the government's refusal was error. The district court denied the third level because the government did not move for it.

This court reviews the district court's "failure to grant a § 3E1.1(b) reduction" for clear error. *United States v. Moore*, 683 F.3d 927, 931 (8th Cir. 2012). If a defendant does not make "sufficiently specific objections" before the district court, the claim is reviewed for plain error. *United States v. MacInnis*, 607 F.3d 539, 542 (8th Cir. 2010).

Jordan did not make "sufficiently specific objections" to the government withholding the reduction. *See id.* At resentencing, Jordan's counsel said:

> The next issue is whether or not to award the third point, and the government objects, said they're not going to do it. But in light of everything's he's done since he's been arrested, I think the Court should go ahead and award him the third point. I know it's discretionary with the Court. But he's not done anything as far as being inconsistent with

the plea of guilty, other than he appealed, and he appealed and he was right and we're back here for resentencing.

The court immediately responded:

> That request is overruled, Mr. Adams. Mr. Jordan, the Court only gets involved on the third point if the United States makes a motion. And so I don't have any role to play in that because Ms. Mazzanti has been clear that the United States is not going to ask for the third point. So I just don't get there, I can't get there under the law, whether you're entitled to that third point.

The court made clear that a § 3E1.1(b) reduction is appropriate only "upon motion of the government." *See* **U.S.S.G. § 3E1.1(b)**. Although Jordan requested the reduction, he did not ask why the government refused to move for it or argue that the refusal was error. Thus, he did not preserve his objection. *Cf.* ***United States v. Stacey***, 531 F.3d 565, 568 (8th Cir. 2008) (holding defendant did not waive his objection where his counsel asked for "an explanation as to why the additional one-level reduction had been refused" and allowed the court "ample time to prevent or correct any error").

Because he did not specifically object, this court reviews for plain error. *See* ***MacInnis***, 607 F.3d at 542 (reviewing for plain error where the defendant "failed to make sufficiently specific objections to put the government on notice of what the government needed to prove at sentencing"). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights. If a defendant makes that showing, an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***Id.***

United States Sentencing Guideline § 3E1.1 provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

"[A]n adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." *United States v. Smith*, 422 F.3d 715, 726 (8th Cir. 2005), *quoting* **U.S.S.G. § 3E1.1(b), cmt. 6**. The government's "failure to file a § 3E1.1(b) motion must be rationally related to a legitimate governmental end[.]" *Id.* The district court may not order the government to file the motion unless the government's refusal was based on unconstitutional motive. *See **United States v. Moeller***, 383 F.3d 710, 712 (8th Cir. 2004), *quoting **Wade v. United States***, 504 U.S. 181, 185-86 (1992) (holding that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive").

Jordan does not argue unconstitutional motive. Citing *United States v. Wattree*, 431 F.3d 618 (8th Cir. 2005), he argues the government "acted in bad faith when it refused to move for the third point reduction." In *Wattree*, this court said, "So long as the government's refusal to file the required motion is not motivated by bad faith or an unconstitutional motive, the district court may not order the

government to file the motion." ***Wattree***, 431 F.3d at 624. *Wattree* was this court's first case to consider bad faith as a standard for ordering a § 3E1.1(b) motion. ***Id.***, *citing **Moeller***, 383 F.3d at 713. However, it did so based on *Moeller*, a case that rejected bad faith as a basis for ordering the government to file a substantial assistance motion. *See **Moeller***, 383 F.3d at 713 ("bad faith is not a constitutional standard"). Thus, arguably there are two different lines of cases. *Moeller* was decided before *Wattree,* and this court will follow it. *See **Mader v. United States***, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("We definitively rule today, in accordance with the almost universal practice in other federal circuits, that when faced with conflicting panel opinions, the earliest opinion must be followed as it should have controlled the subsequent panels that created the conflict.") (internal quotation marks and citations omitted). Bad faith is not a basis for the court to order the government to file a § 3E1.1(b) motion.

Ignoring the "bad faith" label, Jordan's claim still fails. Jordan believes the government's "sole reason for not moving for the third point reduction"—that "it had to prepare for a contested sentencing hearing"—is not a proper basis to withhold the motion. This belief is without merit. The government's refusal to move for the third level was not unconstitutional and was rationally related to an interest identified in § 3E1.1(b) (a legitimate governmental end): Jordan's denial of relevant conduct did not "permit[] the government and the court to allocate their resources efficiently." *See* **U.S.S.G. § 3E1.1(b)**. *See also* **U.S.S.G. § 3E1.1 cmt. n.6** ("The government should not withhold such a motion based on interests not identified in § 3E1.1.").

Jordan pled guilty to being a felon in possession of a firearm. But, he denied conduct relevant to sentencing—possessing the firearm in connection with another felony. To establish this conduct at his first sentencing, the government had to subpoena and present testimony of six witnesses in a hearing lasting almost four hours.

Based on *United States v. Lee*, 653 F.3d 170 (2d Cir. 2011), Jordan argues the government cannot withhold the reduction solely because it was required to prepare for a contested sentencing hearing. *See Lee*, 653 F.3d at 174 (holding that "the plain language of § 3E1.1(b) refers only to the prosecution resources saved when the defendant's timely guilty plea 'permit[s] the government to avoid preparing *for trial*'" and not a sentencing hearing), *quoting* **U.S.S.G. § 3E1.1(b)**. The Sixth Circuit rejects *Lee's* analysis, noting that while the former and current versions of § 3E1.1(b) identify a government interest in avoiding trial preparation, the amended § 3E1.1(b) "explicitly identifies a broader government interest in allocating its resources efficiently." **United States v. Collins**, 683 F.3d 697, 706 (6th Cir. 2012). Other circuits similarly hold that interests beyond trial preparation can justify the government's decision to withhold the reduction. *See United States v. Nurek*, 578 F.3d 618, 625 (7th Cir. 2009) (holding that the government "acted well within its discretion in withholding a motion for the additional one-point reduction for acceptance of responsibility under § 3E1.1(b)" where the defendant "frivolously contest[ed] the obstruction-of-justice enhancement"); **United States v. Beatty**, 538 F.3d 8, 16 (1st Cir. 2008) ("As amended, the touchstone of § 3E1.1 is no longer trial preparation, but rather the presence of a government motion for the third-level reduction. . . . Now, rather than turning on the timeliness of the plea and the avoidance of trial preparation, the entitlement to the third-level reduction turns on whether both the court and the government are satisfied that the acceptance of responsibility is genuine.") (internal quotation marks and citations omitted); **United States v. Sanders**, 208 Fed. Appx. 160, 163 (3d Cir. 2006) (holding that the government's withholding of a § 3E1.1(b) motion was justified where the government reasonably concluded that the defendant did not permit the government or the court to "allocate their resources efficiently" in requiring a suppression hearing on the essential element of a 922(g)(1) conviction); **United States v. Blanco**, 466 F.3d 916, 918 (10th Cir. 2006) (holding that "[e]nsuring efficient resource allocation is a legitimate government end and a stated purpose of § 3E1.1(b)" and that the prosecutor's decision to withhold a § 3E1.1(b) motion when the defendant pleaded

guilty but requested reweighing of drugs is "rationally related to that end"). *But see* ***United States v. Igboanugo***, 655 F. Appx. 578, 580 (9th Cir. 2016) (holding the government erred in "refusing to move for a § 3E1.1(b) reduction due to Igboanugo's refusal to agree to sentencing factors"); ***United States v. Castillo***, 779 F.3d 318, 325-26 (5th Cir. 2015) (holding that the government may not withhold the third point if the defendant has a good faith dispute about the accuracy of the factual findings in the PSR).

Jordan also invokes amendment 775 to § 3E1.1. **U.S.S.G. app. C amend. 775** (effective Nov. 1, 2013). The U.S. Sentencing Commission explained that the amendment addresses a circuit split about withholding the third level "based on an interest not identified in § 3E1.1." *Id.* Citing several cases, including *Lee*, the Commission "determined that the defendant's waiver of his or her right to appeal is an example of an interest not identified in § 3E1.1." *Id.*, *citing* ***United States v. Divens***, 650 F.3d 343, 348 (4th Cir. 2011) (holding that § 3E1.1(b) was concerned only with the "efficient allocation of *trial* resources, not *appellate* resources"). It amended the guideline to say: "The government should not withhold such a motion based on interests not identified in § 3E1.1, *such as whether the defendant agrees to waive his or her right to appeal*." **U.S.S.G. § 3E1.1 cmt. n.6** (emphasis added). Although aware of *Lee's* holding (that avoiding contested sentencing hearings is not an interest identified in § 3E1.1), the Commission did not amend the guideline to include it. If the Commission intended to exclude contested sentencing hearings from interests identified in § 3E1.1, it could have done so. It did not. Under the plain language of the guideline, a § 3E1.1(b) reduction is appropriate when the defendant "permit[s] the government and the court to allocate their resources efficiently." **U.S.S.G. § 3E1.1(b)**. Jordan's denial of relevant conduct did not allow the government and the court to allocate their resources efficiently. Thus, there was no error in withholding the reduction. Regardless, given the lack of authority on this issue in this circuit and a split in authority in other circuits, even if there were error,

it would not be plain or obvious. *See **United States v. Lovelace***, 565 F.3d 1080, 1092 (8th Cir. 2009) ("A plain error is one that is clear or obvious under current law.").

The district court properly denied the reduction.

\* \* \* \* \* \* \*

The judgment is affirmed.

KELLY, Circuit Judge, concurring in the judgment.

I write separately because I believe that the Sentencing Commission's 2013 amendment to § 3E1.1 (Amendment 775) requires us to rethink our analysis of third-level reductions under § 3E1.1(b).

Amendment 775 added the following admonition to § 3E1.1's commentary: "The government should not withhold . . . a [third-level-reduction] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." See USSG § 3E1.1 cmt. n.6. In making the amendment, the Sentencing Commission considered Congress's previous changes to § 3E1.1(b) and found "no congressional intent to allow decisions under § 3E1.1 to be based on interests not identified in § 3E1.1." USSG app. C at 45 (2013). The question in this case is whether avoiding a contested sentencing hearing is an interest "identified in § 3E1.1."

The court correctly notes that the Commission did not expressly exclude "contested sentencing hearings" from the interests "identified in § 3E1.1." But other portions of § 3E1.1 and its accompanying commentary lead me to believe that no interest "identified in § 3E1.1" is served by avoiding a contested sentencing hearing where non-frivolous objections are resolved by the court.

-8-

Before a defendant is even eligible for a third-level reduction under § 3E1.1(b), he first must qualify under § 3E1.1(a) for a two-level reduction. USSG § 3E1.1(b). He does so by "clearly demonstrat[ing] acceptance of responsibility for his offense." USSG § 3E1.1(a). If he earns the two-level reduction, he can then receive an additional one-level reduction—but only if the government files a motion "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, *thereby* permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG § 3E1.1(b) (emphasis added). While only the government may file the § 3E1.1(b) motion, it is the defendant who must first take expressly-identified steps: assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intent to plead guilty. Id.; see also USSG § 3E1.1 cmt. n.6 ("Subsection (b) provides an additional 1-level decrease in the offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection (a) and who has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps set forth in subsection (b).").

Subsection (b) stresses the importance of "permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG § 3E1.1(b). While these are the ultimate goals of the subsection, the means by which ("thereby") they are achieved are also expressly identified: by the defendant assisting in the investigation or prosecution of his own misconduct by timely notifying authorities of his intent to plead guilty. Id.; see also USSG § 3E1.1 cmt. n.6 ("Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing *for trial*, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." (emphasis added)). Subsection (b) speaks of no other interests.

In this case, the government argued that Jordan forced it to participate in a "minitrial to get the four point enhancement," and asserted that its decision not to move for the third-level reduction "had to do with the defendant not taking full responsibility for relevant conduct." But a defendant who has not accepted responsibility for the offense of conviction, or who has falsely denied or frivolously contested relevant conduct, has likely not earned the two-level reduction under § 3E1.1(a) in the first instance. See USSG § 3E1.1 cmt. n.1. The government is free to refuse a third-level reduction motion pursuant to any interest contained in § 3E1.1, but as acceptance of responsibility under § 3E1.1(a) is an absolute prerequisite to eligibility for a third-level reduction, the government's interest in acceptance of responsibility has already been satisfied by the time the third-level reduction comes into the picture. Nothing in the plain language of subsection (b) suggests consideration of the degree to which a defendant has accepted responsibility for the offense of conviction or some other relevant conduct.

The government may conclude in a given case that it can more efficiently allocate its resources if the defendant concedes all of the enhancements it seeks, thus allowing it to avoid a "minitrial" at sentencing. But the government's efficiency interest in § 3E1.1(b) cannot be so broad that a defendant who lodges a non-frivolous objection to a proposed sentencing enhancement risks losing the third-level reduction under § 3E1.1(b) simply because the court holds, and the government participates in, a contested sentencing hearing. Because I agree that any error was not "clear or obvious under current law," Lovelace, 565 F.3d at 1092, however, I concur in the judgment of the court.

————————————————————

-10-