BENTON, Circuit Judge. Bralen L. Jordan pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] denied his request for a third level of reduction for acceptance of responsibility under U.S.S.G. § 3El.l(b). Jordan appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms. In 2014, Jordan pled guilty to unlawfully possessing a firearm. At sentencing, the district court decreased his offense level by two for acceptance of responsibility under U.S.S.G. § 3El.l(a). The government declined to move for the third level under § 3El.l(b). Jordan did not object. The district court sentenced him as an armed career criminal. He appealed. This court reversed the armed career criminal determination and remanded for resentencing. United States v. Jordan, 812 F.3d 1183, 1187 (8th Cir. 2016). In a supplemental memorandum, Jordan requested the court decrease his offense by three levels under “U.S.S.G. § 3El.l(a).” The government responded that “the third point reduction is only made upon motion of the government.” It again refused to move for the reduction under § 3El.l(b). At the resen-tencing hearing, Jordan requested the reduction. He did not mention, let alone argue, that the government’s refusal was error. The district court denied the third level because the government did not move for it. This court reviews the district court’s “failure to grant a § 3El.l(b) reduction” for clear error. United States v. Moore, 683 F.3d 927, 931 (8th Cir. 2012). If a defendant does not make “sufficiently specific objections” before the district court, the claim is reviewed for plain error. United States v. MacInnis, 607 F.3d 539, 542 (8th Cir. 2010). Jordan did not make “sufficiently specific objections” to the government withholding the reduction. See id. At re-sentencing, Jordan’s counsel said': The next issue is whether or not to award the third point, and the government objects, said they’re not going to do it. But in light of everything’s he’s done since he’s been arrested, I think the Court should go ahead and award him the third point. I know it’s discretionary with the Court. But he’s not done anything as far as being inconsistent with the plea of guilty, other than he appealed, and he appealed and he was right and we’re back here for resen-tencing. The court immediately responded: That request is overruled, Mr. Adams. Mr. Jordan, the Court only gets involved on the third point if the United States makes a motion. And so I don’t have any role to play in that because Ms. Mazzan-ti has been clear that the United States is not going to ask for the third point. So I just don’t get there, I can’t get there under the law, whether you’re entitled to that third point. The court made clear that a § 3El.l(b) reduction is appropriate only “upon motion of the government.” See U.S.S.G. § 3El.l(b). Although Jordan requested the reduction, he did not ask why the government refused to move for it or argue that the refusal was error. Thus, he did not preserve his objection. Cf. United States v. Stacey, 531 F.3d 565, 568 (8th Cir. 2008) (holding defendant did not waive his objection where his counsel asked for “an explanation as to why the additional one-level reduction had been refused” and allowed the court “ample time to prevent or correct any error”). Because he did not specifically object, this court reviews for plain error. See MacInnis, 607 F.3d at 542 (reviewing for plain error where the defendant “failed to make sufficiently specific objections to put the government on notice of what the government needed to prove at sentencing”). “Under plain error review, the defendant must show: (1) an error; (2) that is'plain; and (3) that affects substantial rights. If a defendant makes that showing, an appellate court may exercise its discretion to correct a forfeited error only if it seriously affects' the fairness, integrity, or public reputation of judicial proceedings.” Id. United States Sentencing Guideline § 3E1.1 provides: (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels. • (b) If the defendant qualifies for’a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that ’the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease-the offense level by 1 additional level. “[A]n adjustment under subsection (b) may only be' granted upon a formal motion by the Government' at the time of sentencing.” United States v. Smith, 422 F.3d 715, 726 (8th Cir. 2005), quoting U.S.S.G. § 3El.l(b), cmt. 6. The government’s “failure to file a § 3El.l(b) motion must be rationally related to a legitimate governmental end[.]” Id. The district court may not order the government to file the motion unless the government’s refusal was based on unconstitutional motive. See United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004), quoting Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (holding that “federal district courts have authority to review a prosecutor’s refusal to file a substantial-assistance motion and tó grant a remedy if they find that the refusal was based on an unconstitutional motive”), Jordan does not argue unconstitutional motive. Citing United States v. Wattree, 431 F.3d 618 (8th Cir. 2005), he argues the government “acted in bad faith when ⅛ refused to move for the third point reduction.” In Wattree, this court said, “So long as the government’s refusal to file the required motion is not motivated by bad faith or an unconstitutional motive, the district court, may not order the government to file the motion.” Wattree, 431 F.3d at 624. Wattree'was this court’s first case to consider bad faith as a standard for ordering a § 3El.l(b) motion. Id., citing Moeller, 383 F.3d at 713. However, it did so based on Moeller, a case that rejected bad faith as a basis for ordering the government to file a substantial assistance motion. See Moeller, 383 F.3d at 713 (“bad faith, is. not a constitutional standard”). Thus, arguably there are two different lines of cases. Moeller was decided before Wattree, and this court will follow it. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (eri baric) (“We definitively rule today, in accordance with the almost universal practice in other federal circuits, that when faced with conflicting panel opinions, the earliest opinion must be followed as it should have controlled the subsequent panels that created the conflict.”) (internal quotation marks and citations omitted). Bad faith is not a basis for the court to, order the government to file a § 3El.l(b) motion. Ignoring the “bad faith” label, Jordan’s claim still fails. Jordan believes the government’s “sole reason for not' moving for the third point reduction”—that “it had to prepare for a contested sentencing hearing”—is not a proper basis to withhold the motion. This belief is without merit. The government’s refusal to move for the third level was not unconstitutional and was rationally related to an interest identified in § 3El.l(b) (a legitimate governmental end): Jordan’s denial of relevant conduct did not “permit[ ] the government and the court to allocate their resources efficiently.” See U.S.S.G. § 3El.l(b). See also U.S.S.G. § 3E1.1 cmt. n.6 (“The government should not withhold such a motion based on interests not identified in § 3E1.1.”). Jordan pled guilty to being a felon in possession of a firearm. But, he denied conduct relevant to sentencing—possessing the firearm in connection with another felony. To establish this conduct at his first sentencing, the government had to subpoena and present testimony of six witnesses in a hearing lasting almost four hours. Based on United States v. Lee, 653 F.3d 170 (2d Cir. 2011), Jordan argues the government cannot withhold the reduction solely because it was required to prepare for a contested sentencing hearing; See Lee, 653 F.3d at 174 (holding that “the plain language of § 3El.l(b) refers only to the prosecution resources saved when the defendant’s timely guilty plea *permit[s] the government to avoid preparing for trial’ ” and not a sentencing hearing), quoting U.S.S.G. § 3El.l(b). The Sixth Circuit rejects Lee’s analysis, noting that while the former and current versions of § 3El.l(b) identify a government, interest in avoiding trial preparation, the amended § 3El.l(b) “explicitly identifies a broader government interest in allocating its resources efficiently.” United States v. Collins, 683 F.3d 697, 706 (6th Cir. 2012). Other circuits similarly hold that interests beyond trial preparation can justify the government’s decision to withhold the reduction. See United States v. Nurek, 578 F.3d 618, 625 (7th Cir. 2009) (holding that the government “acted well within its discretion-in withholding a motion for the additional one-point reduction for acceptance of responsibility under § 3El.l(b)” where the defendant “frivolously contested] the obstruction-of-justice enhancement”); United States v. Beatty, 538 F.3d 8, 16 (1st Cir. 2008) (“As amended, the touchstone of § 3E1.1 is no longer trial preparation, but rather the presence of a government motion for the third-level reduction...'. Now, rather than turning on the timeliness of the plea and the avoidance of trial prepay ration, the entitlement to the third-level reduction turns on whether both the court and the government are satisfied that the acceptance of responsibility is genuine.”) (internal quotation marks and citations omitted); United States v. Sanders, 208 Fed.Appx. 160, 163 (3d Cir. 2006) (holding that' the government’s withholding of a § 3El.l(b) motion was justified where the government reasonably concluded that the defendant did not permit the government or the court to “allocate their resources efficiently” in requiring a suppression hearing on, the essential element of a 922(g)(1) conviction); United States v. Blanco, 466 F.3d 916, 918 (10th Cir. 2006) (holding that “[ejnsuring efficient resource allocation, is a legitimate government end and a stated purpose of § 3El.l(b)” and that the prosecutor’s decision to withhold a § 3El.l(b) motion when the defendant pleaded guilty but requested reweighing of drugs is “rationally related to that end”). But see United States v. Igboanugo, 655 F. Appx. 578, 580 (9th Cir. 2016) (holding the government erred in “refusing to move for a § 3El.l(b) reduction due to Igboanu-go’s refusal to agree to sentencing factors”); United States v. Castillo, 779 F.3d 318, 325-26 (5th Cir. 2015) (holding that the government may not withhold the third point if the defendant has a good faith dispute about the accuracy of the factual findings in the PSR). Jordan also invokes amendment 775 to § 3E1.1. U.S.S.G. app. C amend. 775 (effective Nov. 1, 2013). The U.S. Sentencing Commission explained that the amendment addresses a circuit split about withholding the third level “based on an interest not identified in § 3E1.1.” Id.. Citing seyeral cases, including Lee, the Commission “determined that the defendant’s waiver of his or her right to appeal is an example of an interest not identified in § 3E1.-1.” Id., citing United States v. Divens, 650 F.3d 343, 348 (4th Cir. 2011) (holding that § 3El.l(b) was concerned only with the “efficient allocation of trial resources, not appellate resources”). It amended the guideline to say: “The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal.” U.S.S.G. § 3E1.1 cmt. n.6 (emphasis added). Although aware of Lee’s holding (that avoiding contested sentencing hearings is not an interest identified in § 3E1.1), the. Commission did not amend the guideline to include it. If the Commission intended to exclude contested sentencing hearings from interests identified in § 3E1.1, it could have done so. It did not. Under the plain language of ' the guideline, a § 3El.l(b) reduction is appropriate when the defendant “permit[s] the government and the court to allocate their resources efficiently.” U.S.S.G. § 3El.l(b). Jordan’s denial of relevant conduct did not aliow the government and the court to allocate them resources efficiently. Thus, there was no error in withholding the reduction. Regardless, given the lack of authority on this issue in this circuit and a split in authority in other circuits, even if there were error, it would not be plain or obvious. See United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir. 2009) (“A plain error is one that is clear or obvious under current law.”). The district court properly denied the reduction. ⅜» ⅜¶ ⅜†⅞ ⅜ The judgment is affirmed. . The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.