# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2690

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 13, 2019
Filed: June 11, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Robinson pleaded guilty to uttering counterfeit securities after he used, and directed others to use, counterfeit $100 bills to buy various merchandise at ubiquitous stores such as Kohls, Petsmart, Bed, Bath & Beyond, and Big Lots, in October 2017. Although Robinson's calculated Guidelines range was only 8-14

months, the district court[1] found that since Robinson had previously committed burglary and identity theft in state courts for which he was prosecuted without getting much, if any, jail time, the court should vary upward in this matter to a sentence of 36 months.  The court stated that the Guidelines were "not the least bit relevant to both the conduct in the instant case and his persistent felonious conduct for the last five years."  Robinson challenges the procedural and  substantive reasonableness of this sentence.  Robinson alleges the district court procedurally erred by making clearly erroneous factual findings, referencing the court's statements about Robinson not receiving much in the way of prison time for his previous sentences, and its statement that the Guidelines were "not relevant."

We review sentences, inside or outside the Guidelines range, under the deferential abuse-of-discretion standard.[2]  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  We "first ensure that the district court committed no significant procedural error."  Gall v. United States, 552 U.S. 38, 51 (2007).  As

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]We question whether Robinson adequately preserved his procedural challenge so as to avoid plain error review.  Although counsel mentioned that he wanted to challenge procedural and substantive reasonableness after the court pronounced its sentence, when the court asked counsel to specify his procedural challenge, counsel responded, "[y]our Honor, actually *substantively* I would like to specify if I may." Sentencing Tr. at 8 (emphasis added).  Cf. United States v. MacInnis, 607 F.3d 539, 542 (8th Cir. 2010) (holding that while counsel had previously questioned the district court's computation of the defendant's criminal history category, counsel "conceded this objection at the . . . sentencing hearing" by not raising it despite several opportunities to do so).  Although Robinson generically raised a procedural challenge at the sentencing hearing, when the district court reasonably asked counsel to specify how the court had procedurally erred, he was only willing to specify the substantive challenge.  However, the government does not argue that plain error review is appropriate, and the result is the same under either plain error or the usual procedural review, which we employ.

relevant here, procedural error includes basing a sentence on clearly erroneous facts. Id. A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received substantial weight; (2) gives too much weight to an improper or irrelevant factor; or (3) actually considers correct factors but commits a clear error in judgment in weighing them. Feemster, 572 F.3d at 461.

Robinson focuses his procedural argument on the district court's alleged consideration of improper facts when the court discussed Robinson's previous state court jail sentences, which the court intimated were too short. However, Robinson mischaracterizes the record by arguing that the district court did not understand that Robinson had served incrementally longer sentences with each prior offense. The district court credited the unobjected-to findings in the presentence investigation report (PSR) and thus knew that Robinson had previously gone to jail three times and the accompanying length of each of those three sentences; the court nonetheless believed that the previous sentences were not long enough to get Robinson's "attention." Indeed, the PSR indicated Robinson served seven days for his first offense (burglary); six months for his second offense (identity theft); and 316 days for his third offense (counterfeit credit/debit device). Indeed, these relevant facts were known and appropriately considered by the district court.

Although we question the district court's statement that the Guidelines were "not the least bit relevant" to Robinson's current or prior offenses, the remark is somewhat taken out of context, and we note that the court did not procedurally err in its calculation of the Guidelines sentence. It simply decided that an upward variance was appropriate. This distinguishes the matter from United States v. Sullivan, 853 F.3d 475, 480 (8th Cir. 2017), wherein the district court sua sponte increased the defendant's criminal history category in order to achieve the desired sentence. Although the court in both Sullivan and the instant case made similar comments about the leniency of the defendants' prior state court sentences, the Sullivan court

procedurally erred by recalculating the Guidelines criminal history category and departing upwards. Id.  Here there was no such procedural error.

In the absence of a procedural error, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51.  Having reviewed the sentencing transcript, the PSR, and the arguments of counsel, we find that the district court did not abuse its discretion in varying upward and sentencing Robinson to 36 months in prison in this matter.  Thus, we affirm.

———————————————