# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1320

_____

United States of America

*Plaintiff - Appellee*

v.

Rolando Jamal Downey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2016
Filed: December 29, 2016
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rolando Jamal Downey pleaded guilty to possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). At sentencing, the district court[1]

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

applied a four-level enhancement for possessing the firearm "in connection with another felony offense," U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B), namely, possessing a user quantity of methamphetamine. Downey argues on appeal the government failed to prove that the substance he possessed was methamphetamine or that he possessed the firearm "in connection with" the drug possession offense.

We review for clear error the determinations that the substance was methamphetamine and that Downey possessed the firearm "in connection with" the methamphetamine offense. U.S.S.G. § 2K2.1(b)(6)(B); see also United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008) (clear error review of "in connection with" determination). It was the government's burden at sentencing to establish the facts by a preponderance of the evidence, and we apply our clear error review in light of this standard. See, e.g., United States v. Holm, 745 F.3d 938, 940–41 (8th Cir. 2014).

The record shows officers responded after receiving a report of a robbery. Downey matched the description of the alleged robber and ran from officers. While running, he discarded a loaded firearm. Officers eventually captured and arrested Downey in public. When booking Downey into detention, officers discovered two bags of suspected drugs in a cigarette pack. A field test confirmed the presence of methamphetamine and indicated the substance weighed approximately 0.5 grams. The government conducted no additional testing.

Downey does not deny a field test occurred. Rather, he argues lab testing was required. For sentencing purposes, however, lab testing is not required, and a court may rely on circumstantial evidence such as field tests or testimony describing the substance. See United States v. Lugo, 702 F.3d 1086, 1090 (8th Cir. 2013) ("[T]he identity of a controlled substance can . . . be proved by circumstantial evidence and opinion testimony." (alteration in original) (citation omitted)); United States v. Walker, 688 F.3d 416, 423 (8th Cir. 2012) ("The Guidelines do not require the government to establish the identity, quantity, or purity of methamphetamine by

laboratory analysis."). Downey notes district courts are not required to infer from circumstantial evidence that a substance is a prohibited drug. He fails, however, to cite authority holding such an inference is impermissible. We find no clear error in the court's identification of the substance as methamphetamine.

Regarding the nexus requirement, "a firearm is possessed 'in connection with' a drug possession felony if it 'facilitated, or had the potential of facilitating'" the drug possession felony. Holm, 745 F.3d at 940 (quoting U.S.S.G. § 2K2.1(b)(6)(B) and cmt. n.14(A)). "[W]hen a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding 'will rarely be clearly erroneous.'" Id. at 940 (citations omitted). Here, the district court viewed the firearm as emboldening, and therefore facilitating, Downey in his choice to go out into public with illegal drugs. Further, there exist no mitigating factors sufficient to show clear error. See, e.g., Smith, 535 F.3d at 885–86 (finding an "in connection with" determination clearly erroneous where: (1) the drug quantity did not exceed mere residue; (2) the substance and defendant were discovered in the defendant's home; and (3) the defendant had not ventured into public armed and with drugs).

We affirm the judgment of the district court.

_____