# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1381

_____

United States of America

*Plaintiff - Appellee*

v.

Douglas Druger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 14, 2018
Filed: April 4, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Douglas Druger argues the district court[1] erred by denying his motion for judgment of acquittal, because there was insufficient evidence to support two of the counts of his conviction. We affirm the district court.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

# I. Background

In March 2014, the Audrain County Sheriff's office began investigating Robert Reno for suspected trafficking of methamphetamine in and around Mexico, Missouri. This investigation led to a warrant for a wiretap on Reno and an investigation by the U.S. Drug Enforcement Administration. The wiretap revealed an ongoing drug operation in which Druger was participating. Druger rented a bifurcated warehouse building and sub-leased half of the building to Reno. In December of 2015, the DEA obtained warrants to search the warehouse, Reno's residence, and Druger's residence. In Druger's residence, law enforcement found scales, pipes, and plastic baggies, some of which tested positive for methamphetamine residue. The law enforcement officers also discovered $7,000 in cash in a safe and four firearms — at least three of which were loaded — throughout the house.

In 2016, a state law enforcement investigation of Druger was also launched, resulting in a second warrant to search Druger's residence. During a sweep of the house officers discovered 36.02 grams of methamphetamine inside the toilet and related plumbing. The officers also found digital scales, baggies, drug pipes, and other paraphernalia, along with a firearm in the bedroom.

A grand-jury indicted Druger on five counts related to drug possession, trafficking, and the use of firearms in furtherance of drug trafficking.[2] A six-day jury trial ensued. At the close of the Government's case in chief, Druger moved for judgment of acquittal on all five counts. The district court denied Druger's motion and the jury subsequently convicted him on all five counts. Druger now appeals the district court's denial of his motion for judgment of acquittal on count five:

---

[2]The grand-jury issued an eight-count indictment relating to the conspiracy between Robert Reno and Douglas Druger to distribute methamphetamine. Druger was named in counts one, five, six, seven, and eight.

possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A); and count seven: possession with the intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1).

## II. Discussion

We review de novo the denial of a motion for judgment of acquittal based on the sufficiency of the evidence. *See United States v. De La Torre*, 907 F.3d 581, 594 (8th Cir. 2018). We examine the evidence in the light most favorable to the verdict and also accept all reasonable inferences in favor of the verdict. *Id.* This is a "very strict" standard of review "and we will reverse a conviction only if we conclude that no reasonable jury could have found the accused guilty beyond a reasonable doubt." *Id.* As long as one theory based on the evidence presented could allow for a reasonable jury to find Druger guilty beyond a reasonable doubt, we must uphold the jury verdict. *See id.*

### A. Possession of a Firearm

Based on the evidence presented during trial, we conclude a jury could find beyond a reasonable doubt that Druger possessed firearms in furtherance of a drug crime.

Druger's conviction under 18 U.S.C. § 924(c)(1)(A) required the Government to show beyond a reasonable doubt that: (1) Druger knowingly possessed a firearm, and (2) a nexus existed between the same firearm and the drug crime. *See United States v. Close*, 518 F.3d 617, 619 (8th Cir. 2008) (noting such a nexus requires more than simultaneous possession). "The jury may infer that the firearm was so used 'when it is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking.'"

*United States v. Goodrich*, 739 F.3d 1091, 1098 (8th Cir. 2014) (quoting *Close*, 518 F.3d at 619).

The nexus between the drug crime and firearms may be established in a variety of ways. For instance, digital scales, paraphernalia, and large amounts of unexplained cash are circumstantial evidence of drug trafficking. *United States v. Johnson*, 474 F.3d 515, 520 (8th Cir. 2007), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). The use of firearms to protect the proceeds of drug trafficking violates 18 U.S.C. § 924(c). *United States v. Edwards*, 994 F.2d 417, 421 (8th Cir. 1993). Drugs do not need to be found next to the firearms in order to establish a nexus, particularly when there is testimony that drug sales occurred in proximity to where the gun was found. *Johnson*, 474 F.3d at 520 (affirming a conviction even though no drugs were found in the apartment with the gun). A nexus can exist when a firearm is in proximity to items identified as relating to drug trafficking. *Id.*

When executing the 2015 warrant, the authorities found four firearms throughout Druger's residence. While it is true the authorities did not find significant quantities of illegal drugs during this search, that fact is easily explained and not fatal to the jury's verdict considering the circumstances. Testimony established the authorities were delayed in executing the warrant because Druger had barricaded the doors. A woman who routinely purchased methamphetamine from Druger testified Druger told her after the search that he had flushed methamphetamine down the toilet while the police were seeking entry. Thus, the jury had a basis to believe there were illegal drugs in the residence at the same time as the firearms found there.

The Government presented additional evidence to demonstrate a nexus between the firearms and Druger's drug trafficking crime. Officers found two of the firearms in the basement along with items which tested positive for drug residue. Officers found two additional weapons in proximity to a large quantity of unexplained cash.

Furthermore, a witness testified Druger sold drugs out of the basement and she knew about the shotgun, which officers discovered in the rafters. *See Johnson*, 474 F.3d at 520 (explaining testimony of drug transactions occurring on the premises where a firearm is found is sufficient evidence unless the testimony is "incredible or unsubstantial on its face"). Based on the combined evidence of the firearms, the pipes with residue, the digital scales, the drug ledger, and the testimony from Druger's customer, a reasonable jury could conclude Druger was using the firearms to protect the proceeds of his drug sales. *See Edwards*, 994 F.2d at 421 ("Protection of drug proceeds furthers a drug trafficking crime, and use of a firearm to guard such proceeds therefore violates § 924(c).").

Finally, the Government introduced text message conversations in which Druger discussed the possible sale of a "big-guy" and told Reno, "I'll have my strap on me bro." Expert testimony explained the phrase "big-guy" referred to one pound of methamphetamine and the phrase "strap" referred to a handgun. Looking at all of the evidence in the light most favorable to the verdict, a reasonable jury could have concluded a nexus existed between Druger's possession of at least one of the firearms and the trafficking of drugs.[3]

## B. Possession of Illegal Drugs with Intent to Distribute

Druger also challenges count seven of the indictment for possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Conviction under this section requires the Government to "prove that the defendant (1) knowingly possessed the methamphetamine; and (2) had intent to distribute it." *United States v. Trejo*, 831

---

[3] Using a special verdict, the jury unanimously found all four firearms where used in furtherance of a drug trafficking crime. Thus, the denial of Druger's motion must be upheld as long as there was sufficient evidence for at least one of the four firearms. *See United States v. Boyle*, 700 F.3d 1138, 1143 (8th Cir. 2012).

F.3d 1090, 1094 (8th Cir. 2016). Count seven specifically applies to the state-level investigation in 2016 and the resulting discovery of methamphetamine in the plumbing during the execution of the second warrant.

Druger claims the 36.02 grams of methamphetamine found in his home in 2016 was for personal use. Thus, Druger concedes the element of possession but challenges the sufficiency of the evidence to prove he intended to distribute. Two separate lines of evidence presented by the Government, however, support the jury's finding.

During the 2016 search of Druger's residence, police found the methamphetamine, along with digital scales, baggies, drug pipes, other paraphernalia, and a firearm. The Government presented testimony demonstrating 36.02 grams is a distribution amount. Testimony also established that drug paraphernalia such as small baggies, scales, and scoops are all indicia of drug distribution. Officers recovered a firearm in the home during this search. All told, this evidence gave the jury a basis to believe Druger intended to distribute the methamphetamine found in his house instead of merely using it himself. *See United States v. Thompson*, 881 F.3d 629, 632–33 (8th Cir. 2018) (stating drug paraphernalia, prior sales, and the presence of a firearm support an inference of intent to distribute).

In addition, a witness testified she purchased methamphetamine from Druger beginning in 2015 and she continued to do so after the execution of the federal warrant in December of 2015. This court has held that "[u]nless the testimony is implausible on its face, . . . we defer to the jury's determination of whether an accomplice is credible." *United States v. Ramos*, 852 F.3d 747, 753 (8th Cir. 2017). On appeal, Druger has not challenged the plausibility of his customer's testimony. Thus, we conclude the evidence provided a sound basis for the district court to conclude that a reasonable jury could have found beyond a reasonable doubt that Druger was guilty of possession of methamphetamine with intent to distribute it. *See De La Torre*, 907 F.3d at 594.

## III. Conclusion

For the foregoing reasons, we affirm the district court's ruling.

_____