# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2696

_____

United States of America

*Plaintiff - Appellee*

v.

Thad N. Junge

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 11, 2020
Filed: May 29, 2020
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following a not guilty plea, a jury convicted Thad Junge of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1). The district court[1] sentenced Junge to 210 months' imprisonment, the low-end of the Guidelines range. Junge appeals, challenging the sufficiency of the evidence supporting his conviction and the district court's denial of his motions for judgment of acquittal.

The evidence in this case largely rested on cooperating witness testimony. At trial, seven witnesses testified during the government's case-in-chief: two investigating state patrol officers, a forensic scientist with the state patrol crime laboratory, and four cooperating witnesses. The crux of Junge's argument on appeal is that the cooperating witnesses lacked credibility and that without physical evidence of drug trafficking, the government's reliance on "suspect" testimony from "drug dealers, liars and people looking for better sentences," was insufficient to sustain a conviction. He claims the evidence, at its core, establishes that he was, at best, possibly a drug addict.

This court reviews a denial of a motion for judgment of acquittal based upon the sufficiency of the evidence de novo. United States v. Druger, 920 F.3d 567, 569 (8th Cir. 2019). "The verdict must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.'" United States v. Espinoza, 885 F.3d 516, 520 (8th Cir. 2018) (quoting United States v. Taylor, 813 F.3d 1139, 1146 (8th Cir. 2016)). This is a strict standard of review, as we view the evidence in the light most favorable to the guilty verdict, resolve all evidentiary conflicts in favor of the government, and accept all reasonable inferences supported by the evidence. United States v. Thompson, 533 F.3d 964, 970 (8th Cir. 2008). In order to convict Junge for the conspiracy count, the government had to prove: (1) a conspiracy (agreement to distribute or to possess with

---

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

intent to distribute a drug), (2) he knew of the conspiracy, and (3) he intentionally joined the conspiracy.  United States v. Lee, 687 F.3d 935, 943 (8th Cir. 2012).

"[T]he 'jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony.'"  United States v. Mayfield, 909 F.3d 956, 963 (8th Cir. 2018) (quoting United States v. Hodge, 594 F.3d 614, 618 (8th Cir. 2010)).  Three of the cooperating witnesses, all part of a local methamphetamine distribution network, testified that they had, at times, delivered particular amounts of methamphetamine to Junge.  The fourth cooperating witness testified about purchasing methamphetamine from Junge during a controlled buy.

This case rested in part on whether the cooperators' testimony was accepted or rejected by the jury, a matter that is nearly unreviewable given our standard of review.  "We have 'repeatedly upheld jury verdicts based solely on the testimony of conspirators and cooperating witnesses.'"  Id. (quoting United States v. Delacruz, 865 F.3d 1000, 1006 (8th Cir. 2017)).  Junge does not argue there was insufficient evidence regarding the drug amounts used to calculate his sentence, necessarily, but rather solely challenges the credibility of those witnesses generally.  At trial, all witnesses were questioned regarding their criminal conduct and the nature of their agreements with the government so this information was likewise presented to the jury.  Additionally, there was audio and video (albeit of poor quality) of the controlled buy.

There was more than sufficient evidence supporting the jury's verdict.  We affirm the district court's denial of Junge's motions for judgment of acquittal and uphold the jury's verdict.

_____