# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2385

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Lynn McCoy

*Defendant - Appellant*

_____

No. 22-2412

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Lynn McCoy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 12, 2023
Filed: June 13, 2023

_____

Before SMITH, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Gregory Lynn McCoy was convicted of being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court[1] sentenced him to 262 months in prison. McCoy appeals, challenging: (1) the admission of evidence (field tests and a photograph); (2) the sufficiency of the evidence; and (3) the sentence (an adjustment and an enhancement). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2019, police learned that McCoy, a convicted felon, had a pistol and had sold drugs. A state judge issued a search warrant for his residence. While waiting to begin the search, officers saw McCoy arrive in his vehicle and go inside. Entering, police found McCoy in his upstairs bedroom. There, officers found baggies of drugs, ecstasy pills, a digital scale, rubber gloves, and cutting agents. Field testing showed that the baggies contained cocaine, heroin, and methamphetamine. In the living-room closet, officers found a box of .45-caliber MagTech ammunition.

A drug dog alerted to McCoy's vehicle. There, police found a glass pipe and a .45-caliber semi-automatic pistol, with two fully loaded magazines of .45-caliber MagTech ammunition. They photographed the glass pipe but later accidentally ran over it.

A jury convicted McCoy of unlawfully possessing a firearm. Applying an adjustment for obstructing justice under U.S.S.G. § 3C1.1 and an enhancement for possessing a firearm in connection with a controlled substance offense under U.S.S.G. § 4B1.4(b)(3)(A), the district court sentenced McCoy to 262 months in prison.

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

## I.

McCoy argues that the district court erred in admitting (1) testimony about the field tests of the narcotics, and (2) the photograph of the glass pipe from McCoy's vehicle.

At trial, McCoy objected to the field testing only for relevance and lack of foundation—neither of which he mentions on appeal. He did not object to the photograph. This court thus reviews only for plain error. *See United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), *citing United States v. Olano*, 507 U.S. 725, 732-36 (1993). This court reverses only if there was an error, that was plain, that affected substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*.

### A.

On appeal, McCoy challenges only the scientific reliability of the field tests. The officer who conducted the tests was trained and certified in using them. He testified to the procedures and the results. *See United States v. Eisler*, 567 F.2d 814, 817 (8th Cir. 1977) (holding that an experienced agent familiar with field tests could testify about the results of the test he conducted). The district did not err, let alone plainly err, by admitting the testimony about the field tests. *See United States v. Downey*, 672 Fed. Appx. 615, 616 (8th Cir. 2016) (holding that "a court may rely on circumstantial evidence such as field tests or testimony describing the substance").

### B.

McCoy argues that the photograph of the pipe was inadmissible because it was (1) not inventoried or referenced in the police reports; (2) poor quality; (3) and highly prejudicial. The contents of police reports do not govern the admissibility of evidence. *See Sosna v. Binnington*, 321 F.3d 742, 744 (8th Cir. 2003) ("The Federal

Rules of Evidence govern the admissibility of evidence."). The photograph's quality does not preclude its admissibility. *Cf. United States v. De La Torre*, 907 F.3d 581, 591-92 (8th Cir. 2018) (holding that the audio's poor quality "did not render the recording wholly untrustworthy"); *United States v. Williams*, 512 F.3d 1040, 1044 (8th Cir. 2008) (holding the court did not abuse its discretion by admitting the recordings of drug buys—inaudible over 40 times). The evidence was not inadmissible simply because it was prejudicial. *See, e.g.*, *United States v. Fechner*, 952 F.3d 954, 958 (8th Cir. 2020) (holding that a district court has broad discretion to admit probative evidence even when it is prejudicial).

The district court did not err, let alone plainly err, by admitting the photograph of the pipe.

## II.

McCoy believes the evidence at trial was insufficient to convict. Specifically, he claims there is no evidence that the .45-caliber pistol was a "firearm." This court reviews the sufficiency of the evidence de novo. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008).

To convict McCoy for possession of a firearm as a convicted felon under 18 U.S.C. § 922(g)(1), the evidence must prove that McCoy's pistol met the definition of a firearm under 18 U.S.C. § 921(a)(3). *See United States v. Hardin*, 889 F.3d 945, 947 (8th Cir. 2018). A firearm is "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." **18 U.S.C. § 921(a)(3)**. Proof that a firearm was operable is not required. *Hardin*, 889 F.3d at 948-49.

McCoy's pistol, retrieved from his vehicle, was admitted into evidence (with the only objection at trial being "chain of custody," which is not raised on appeal). The jury saw the pistol and photographs of it. An ATF agent, testifying as an expert, testified that it met the federal definition of a firearm. The pistol and the testimony

are sufficient to prove that the pistol was a firearm. *See United States v. Dobbs*, 449 F.3d 904, 911 (8th Cir. 2006) (holding that lay testimony from an eyewitness is sufficient to determine whether an object is a firearm under 18 U.S.C. § 921(a)(3)(A)); *United States v. Mullins*, 446 F.3d 750, 755 (8th Cir. 2006) (finding expert testimony from an ATF agent sufficient to determine that the defendant's gun met the federal definition of a firearm, even when the gun evaluated by the agent was a model and not the original).

The evidence sufficiently proved that McCoy's .45-caliber pistol was a firearm under 18 U.S.C. §§ 921(a)(3) and 922(g).

### III.

McCoy argues the district court erred in adjusting and enhancing his offense level. This court reviews the district court's factual findings for clear error and its application of the guidelines de novo. *See United States v. Beckman*, 787 F.3d 466, 494 (8th Cir. 2015).

### A.

The district court applied an obstruction-of-justice adjustment under U.S.S.G. § 3C1.1 based on McCoy's trial testimony. This court need not address his challenge to this adjustment because it did not affect his sentence. The adjustment raised his base offense level to 30. But because McCoy was an armed career criminal, his base offense level was 34. *See* **U.S.S.G. § 4B1.2(b)(3)(A)**. Any adjustment under U.S.S.G. § 3C1.1 was moot.

### B.

The district court relied on the gun-possession-in-connection-with-a-drug-offense in setting the base offense level of 34. McCoy disputes the enhancement because the gun was found in his vehicle, while the drugs were found in his bedroom.

The district court found that McCoy was a drug dealer—not merely a drug user—due to the packaging of the drugs, the evidence found in the search and police investigations, and his own testimony that he intended to distribute drugs. An ATF special agent testified about a firearm's use in the drug trade. The pistol was in close proximity to the drugs. *See United States v. Vang*, 3 F.4th 1064, 1067 (8th Cir. 2021) ("Drugs do not need to be found next to the firearms in order to establish a nexus"; rather, "[a] nexus can exist when a firearm is in proximity to items identified as relating to drug trafficking."). Officers saw McCoy leave his vehicle (that had the pistol and pipe) and enter his residence, where they found him in his bedroom with drugs. *See id.* (finding sufficient evidence of a nexus where the firearm was two stories above the drugs because the firearm was found in a room with drug paraphernalia and there was expert testimony about drug traffickers using guns). *See also United States v. Goodrich*, 739 F.3d 1091, 1098 (8th Cir. 2014) (holding that a jury may infer that a firearm was used in connection with a drug offense if it was in close proximity to the drugs, quickly accessible, and an expert testified about the use of firearms in the drug trade).

The district court did not err in applying the enhancement.

* * * * * * *

The judgment is affirmed.

_____