# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3288
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua John Paarmann

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: November 14, 2023
Filed: January 4, 2024
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Josh J. Paarmann of five counts: (1) conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (2) possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1)(A)(i); (4) felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (5) possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). The district court[1] sentenced him to 420 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Officers conducted a controlled buy of meth from Paarmann at his residence in Davenport, Iowa. An audio and video device recorded the controlled buy to Tyler Storment, a confidential informant. He told officers that he saw firearms, drugs, and drug paraphernalia in the residence. Later that day, executing a search warrant, officers saw Paarmann flee from the residence. Four cooperating witnesses, including Storment, testified at trial. Two acknowledged cooperating for a reduced sentence.

## I.

Paarmann argues that his counsel was ineffective by failing to pursue impeachment of the cooperating witnesses. At trial, outside the jury's presence, the district court asked whether Paarmann's counsel would cross examine about the mandatory minimum that some cooperating witnesses faced. Counsel replied that he was not going to "attack" the mandatory minimums of the cooperating witnesses because it's "just not my strategy." *See generally Strickland v. Washington*, 466 U.S. 668, 681 (1984) (holding that "when counsel's strategy represents a reasonable choice," counsel need not investigate certain inquiries that they have chosen not to employ at trial).

Ineffective assistance of counsel claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings, because they normally involve facts outside the record. *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). Because the record here is

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

not fully developed, consideration of Paarmann's ineffective assistance claim is deferred to collateral proceedings.

## II.

Paarmann asserts there was insufficient evidence to find him guilty of the crime of possession of a firearm in furtherance of drug trafficking. The jury had to find that (1) Paarmann committed one of the drug crimes charged; (2) Paarmann knowingly possessed a firearm; and (3) there was a nexus between the firearm and the drug crime. *See United States v. Druger*, 920 F.3d 567, 570 (8th Cir. 2019).

There was sufficient evidence of guilt here. Storment testified that during the controlled buy, there "were a couple firearms"—a clip-fed gun and a revolver—on the couch in the living room where Paarmann resided. The video showed Paarmann on that couch, weighing out the meth for distribution. Right before making the buy, Storment saw Paarmann and two others using meth. When Paarmann fled the apartment during the execution of the search warrant, officers recovered 3.25 pounds of meth; $6,050 in cash; drug paraphernalia; a .38 special Ruger LCR revolver; one round of .38 special ammunition; 10 rounds of .380 ammunition; a gun cleaner; digital scales; and packaging material. Storment testified that Paarmann, months before the controlled buy, had shown him a revolver like the one found.

Cooperating witness Jared M. Ricklefs testified he had observed Paarmann in possession of a revolver "one or two times." Specifically, he saw a revolver on Paarmann's hip while they were using drugs. Cooperating witness Keith Hansen testified that three months after the controlled buy, he helped Paarmann conceal meth in a truck while Paarmann was carrying a firearm.

"When reviewing a claim regarding the sufficiency of evidence supporting a criminal conviction, the Court conducts a de novo review, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United*

*States v. Williams*, 910 F.3d 1084, 1090 (8th Cir. 2018) (internal quotation marks omitted). The court will reverse "only if no reasonable jury could have found the accused guilty." *United States v. Flying By*, 511 F.3d 773, 776 (8th Cir. 2007). As Paarmann acknowledges, on "numerous occasions" this court has "upheld jury verdicts based solely on the testimony of cooperating witnesses." *United States v. Bradley*, 643 F.3d 1121, 1125 (8th Cir. 2011).

Here, Storment's testimony—that the firearm was in close proximity to Paarmann during the sale of meth—was sufficient for the jury to infer that his possession of the firearm facilitated that drug crime. *See United States v. Rush-Richardson*, 574 F.3d 906, 909 (8th Cir. 2009) (holding that the jury may infer that the defendant's possession of a firearm facilitated a drug crime based on evidence indicating that the firearm "was used for protection, was kept near the drugs, or was in close proximity to the defendant during drug transactions").

This court does not weigh the evidence or witness credibility as the jury has "the sole responsibility to resolve conflicts or contradictions in testimony." *United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010). The evidence was sufficient for the jury to convict Paarmann of possession of a firearm in furtherance of a drug trafficking crime.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____