# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3776
_____

United States of America

*Plaintiff - Appellee*

v.

Antawon Antonio Baker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: October 25, 2024
Filed: December 16, 2024
[Unpublished]
_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury found Antawon Baker guilty of conspiracy to distribute controlled substances, *see* 21 U.S.C. § 846, and possession with intent to distribute controlled substances, *see id.* §§ 841(a)(1) and 841(b)(1)(B). The district court[1] sentenced him

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

to 120 months' and 60 months' imprisonment, respectively, to run consecutively. Baker now appeals, arguing the district court erred in denying his motion for a *Franks* hearing and his motion for judgment of acquittal. He also contends the district court erred in applying an aggravating-role enhancement to his sentencing guidelines range. Addressing each of these arguments in turn, we affirm.

As part of an investigation into fentanyl-trafficking in Bismarck, North Dakota, a confidential source ("CS") working with law enforcement made a controlled buy of fentanyl pills from Baker's co-defendant Micah Blaine at the Candlewood Suites hotel in Bismarck on May 23, 2022. Two other men—later identified as co-defendants John Richmond and Terry Rogers—accompanied Blaine. After the controlled buy, Bureau of Indian Affairs Special Agent ("SA") Brent Lipponen conducted a follow-up investigation at the hotel, where he observed the two men from the buy standing outside. The hotel clerk informed SA Lipponen there was "a lot of traffic and suspicious activity" associated with adjoining Rooms 317 and 319, and that the two men standing outside were the persons who rented those rooms. Room 317 was booked under Baker's name. SA Lipponen submitted a search warrant application for the rooms, which was issued by a state court judge and executed later that day. There officers encountered Baker and three co-defendants and seized multiple controlled substances, including over 1,400 fentanyl pills. Baker and his co-defendants were charged with conspiracy to distribute controlled substances and possession with intent to distribute controlled substances. A jury found Baker guilty on both counts.

We first consider whether the district court abused its discretion when it denied Baker's motion for a *Franks* hearing. *See United States v. Walker*, 68 F.4th 387, 391 (8th Cir. 2023). To be entitled to a *Franks* hearing, a movant must make a substantial preliminary showing that the affiant intentionally or recklessly included a false statement in the warrant affidavit that was necessary for a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978); *United States v. Hansen*, 27 F.4th 634, 637 (8th Cir. 2022). An incorrect statement of fact is not false if "the information put forth is believed or appropriately accepted by the affiant as true."

*Franks*, 438 U.S. at 165.  And negligence or an innocent mistake on the part of the affiant are insufficient to show reckless or deliberate falsehood warranting a *Franks* hearing.  *Id.* at 171.

Baker argues that he is entitled to a *Franks* hearing because SA Lipponen incorrectly identified Baker as one of the two men accompanying Blaine during the controlled buy.  SA Lipponen stated that one of these men "appeared to be Baker."  But SA Lipponen only discovered the misidentification after the search was conducted, and under these circumstances, "the [misidentification] put forth" in the affidavit "[was] believed or appropriately accepted by [SA Lipponen] as true."  *Id.* at 165.  Not only were there reasonable physical similarities between Baker and the man SA Lipponen mistook for Baker, but the hotel clerk also corroborated SA Lipponen's belief that the individual was Baker.  She told him that the two men standing outside the hotel (the same two who had accompanied Blaine during the controlled buy) were renting Rooms 317 and 319, and the hotel records indicated that Baker rented Room 317.  Such an "innocent mistake" on SA Lipponen's part "[does] not suffice to demonstrate reckless or deliberate falsehood" warranting a *Franks* hearing.  *See United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008).  Accordingly, the district court acted within its discretion when it determined that Baker failed to make a substantial showing that SA Lipponen included false information in his warrant application with reckless disregard for the truth.

Even without the statement misidentifying Baker, the affidavit contained sufficient information to support probable cause.  *See id.* at 817.  We pay great deference to the lower court's determination of probable cause and draw inferences from the totality of the circumstances to discern whether the judge issuing the warrant had a "substantial basis for concluding that probable cause existed."  *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020) (internal citation omitted).  Here, the affidavit established there was a controlled purchase of fentanyl pills by the CS through Blaine from two individuals at the hotel.  The hotel clerk stated that there was a lot of traffic and odd activity in Rooms 317 and 319, hotel records showed Room 317 was booked under Baker's name, and the affidavit included

information regarding Baker's criminal history—that history involved possession of controlled substances and connections to and activity with L.G., a known drug dealer. *See United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (holding that inclusion of prior drug conviction in the affidavit with information indicating illegal activity was sufficient to support probable cause for a search warrant). We discern no abuse of discretion in the district court's determination that, even omitting the misidentification, SA Lipponen's affidavit still provided more than enough evidence to establish probable cause for the search warrant. Therefore, the district court did not abuse its discretion in denying Baker's motion for a *Franks* hearing.

Next, we consider whether the district court erred in denying Baker's motion for judgment of acquittal. We review *de novo* the denial of a motion for judgment of acquittal based on the sufficiency of the evidence, and "examine the evidence in the light most favorable to the verdict." *United States v. Druger*, 920 F.3d 567, 569 (8th Cir. 2019). We will uphold a conviction if any rational jury could have found the elements satisfied beyond a reasonable doubt. *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

To prove conspiracy to distribute a controlled substance, the Government must show that (1) there was a conspiracy to distribute the controlled substances; (2) Baker knew of the conspiracy; and (3) Baker intentionally joined the conspiracy. *See United States v. Sherman*, 81 F.4th 800, 807 (8th Cir. 2023). Here, the Government produced sufficient evidence for a reasonable juror to conclude that each element was satisfied. Co-defendant Lorenzo White testified that Baker told him to come to Bismarck with co-defendant John Richmond to sell fentanyl pills, which they did. White explained that at the hotel where co-defendants and Baker stayed, Baker and Richmond would handle customer inquiries for fentanyl pills and then either Baker or Richmond would decide whose pills were sold. Blaine also testified that he initially purchased fentanyl pills from Baker before Baker directed him to Richmond to purchase the drugs. Together, there was sufficient evidence for a jury to find Baker intentionally joined in an agreement or understanding between the parties to distribute fentanyl pills.

-4-

To prove possession with intent to distribute fentanyl, the Government must show Baker "(1) knowingly possessed a controlled substance and (2) intended to distribute some or all of it." *See United States v. Thompson*, 686 F.3d 575, 583 (8th Cir. 2012). "Possession can be actual or constructive, and 'an individual has constructive possession of contraband if he has…dominion over the premises in which the contraband is concealed.'" *Id.* (internal citation omitted).

White's testimony and the presence of the pills in Baker's hotel room demonstrate Baker had control over the pills and knew they were present. *See United States v. Williams*, 39 F.4th 1034, 1045 (8th Cir. 2022) ("Constructive possession exists where a defendant has '*knowledge* of presence, plus *control* over the thing.'") (internal citation omitted) (emphasis in original). Additionally, Baker was present when large quantities of fentanyl pills as well as small amounts of cocaine, cocaine base, and methamphetamine were found in both rooms. Baker's intent to distribute is evidenced by White's testimony that Baker told him to come sell pills in Bismarck, and that Baker took calls from customers and directed which pills were sold. Accordingly, the evidence was sufficient to support Baker's conviction for both charges, and the court did not err in denying Baker's motion for judgment of acquittal.

Finally, Baker argues the district court improperly applied a two-level sentencing guidelines enhancement for being a manager or supervisor of criminal activity. *See* U.S.S.G. § 3B1.1(c); *id.* at cmt. n.2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). "The government bears the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted." *United States v. Gaines*, 639 F.3d 423, 427 (8th Cir. 2011). We review the district court's factual findings, including its determination of Baker's role in the offense, for clear error. *See id.* at 428. We review its application of the guidelines to the facts *de novo*. *Id.*

We conclude the district court did not clearly err in finding that Baker played a managerial or supervisory role in the fentanyl operation. The district court found that Baker recruited White into the conspiracy based on White's testimony that he was following Baker's instruction when he traveled to Bismarck with Richmond to sell fentanyl pills. *See United States v. Payton*, 636 F.3d 1027, 1048 (8th Cir. 2011) (control includes activities such as recruiting others to assist in the distribution conduct). The court likewise found Baker recruited Richmond into the conspiracy, citing Blaine's testimony that he originally bought fentanyl from Baker, but Baker later directed Blaine to purchase fentanyl from Richmond. *See United States v. Hull*, 646 F.3d 583, 587 (8th Cir. 2011) (upholding enhancement under § 3B1.1(c) where defendant instructed witness to buy cocaine from his wife while defendant was unavailable due to his incarceration).

The record also supports the district court's finding that Baker directed the activities of the other conspirators while they were distributing fentanyl pills from the hotel. White testified that calls and messages came in to either Baker or Richmond and the two of them directed their conspirators which pills to distribute. These facts are sufficient to establish that Baker acted as manager and supervisor of criminal activity. Finding no clear error, we affirm the district court's application of the aggravating-role enhancement.

For the foregoing reasons, we affirm the judgment of the district court.

_____